UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:17-cr-445-T-24TBM

JAIR MENDOZA MONTOYA, and
GUSTAVO ENRIQUE LLANOS MIRANDA

**UNITED STATES' MEMORANDUM
OF LAW REGARDING FORFEITURE**

The United States of America submits the following memorandum regarding the procedure governing the forfeiture sought in this case.[1]

**MEMORANDUM OF LAW**

The United States seeks to forfeit a 69.48 meter oil tanker, registered in the Togolese Republic, registration number TG/REG/139-38512/1679 ("MV Fat Crow"), and approximately 260,000 gallons of diesel fuel found onboard MV Fat Crow, which were being used, or were intended to be used, to facilitate the transportation of cocaine.

In the event that one or both of the defendants is convicted of Counts One and/or Two of the Indictment, this memorandum outlines the procedure the United States proposes for obtaining a jury determination on forfeiture of

---

[1] This memorandum is being filed in conjunction with the United States' proposed special verdict form and forfeiture instructions.

the specific assets, should one or both of the defendants request a jury determination on the forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2(b)(5).

I.      **Applicable Statutes**

1.      Count One of the Indictment charges the defendants with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a) and 21 U.S.C. § 960(b)(1)(B)(ii). Count Two charges the defendants with possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii).

The Court's authority to forfeit the specific assets for a person convicted of violations of 46 U.S.C. § 70503(a), is found in 46 U.S.C. § 70507, which provides for the civil forfeiture (forfeited in the same manner as under 21 U.S.C. § 881), of any property used or intended for use to commit, or to facilitate the commission of, an offense under section 70503. Because the United States is entitled to civilly forfeit proceeds of such offenses, it may criminally forfeit the proceeds pursuant to 28 U.S.C. § 2461(c), which authorizes the criminal forfeiture of any property that can be forfeited civilly,

using the procedures set forth in 21 U.S.C. § 853. In addition, the Court's authority to forfeit the specific assets for a person convicted of violations of 21 U.S.C. § 960(b)(1)(B)(ii), is found in 21 U.S.C. § 853(a)(2), which provides for the forfeiture of any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

## II. Forfeiture Proceeding

There is no constitutional right to a jury determination regarding forfeiture of property. *See United States v. Libretti,* 516 U.S. 29, 49 (1995) ("the nature of criminal forfeiture as an aspect of sentencing compels the conclusion that the right to a jury verdict on forfeitability does not fall within the Sixth Amendment's constitutional protection"). The only right to a jury trial for forfeiture proceedings is created in Federal Rule of Criminal Procedure 32.2(b)(5). *See United States v. Gaskin*, No. 00-cr-6148, 2002 WL 459005, at *9 n.3 (W.D.N.Y. 2002) (notwithstanding *Libretti*, which appears to make trial by jury on the forfeiture issue inappropriate, Rule 32.2(b)(4) gives a defendant the right to have the jury determine the forfeiture if the case was tried before a jury), *aff'd*, 364 F.3d 438 (2d Cir. 2004).[2]

---

[2] When Rule 32.2 was amended in December 2009, section (b)(4) became (b)(5).

Federal Rule of Criminal Procedure 32.2 sets forth the procedures governing criminal forfeiture and codifies each party's right to a jury determination on forfeiture. In order to have a jury determination on property subject to forfeiture, <u>prior to the jury's commencement of deliberations regarding guilt</u>, a party must request that the jury also make a forfeiture determination in the event that the jury delivers a guilty verdict. Therefore, the United States requests that the Court ask the defendants, prior to the commencement of jury deliberations, if not sooner, whether they will seek a forfeiture jury determination. *See* Rule 32.2(b)(5)(A). The United States will not request a jury determination.

At any party's timely request, the jury may be charged to make a determination as to whether the United States has established the requisite nexus between the specific property it alleges is subject to forfeiture and the violations charged in the count(s) of conviction. *See* Rule 32.2(b)(5).

It is not necessary for the jury to determine the extent of the defendants' interest in the property, as that issue is decided in an ancillary proceeding, if necessary. It is the duty of the jury solely to determine whether the United States has established the requisite nexus between the property alleged to be subject to forfeiture and the offense(s) for which the defendants were found guilty.

Because forfeiture is an aspect of sentencing, the United States need only prove the elements of forfeiture by a preponderance of the evidence. *See United States v. Dicter,* 198 F.3d 1284, 1289-90 (11th Cir. 1999) (elements of forfeiture under 21 U.S.C. § 853(a)(1) and (a)(2) must be proven under the preponderance standard); *United States v. Hasson*, 333. F.3d 1264, 1278 (11th Cir. 2003) (extending preponderance standard to forfeiture cases under 18 U.S.C. 982(a)(1)).

Moreover, the post-*Libretti* changes to federal sentencing law do not impact forfeiture. *See United States v. Booker,* 543 U.S. 220, 258 (2005) (18 U.S.C. § 3554, the provision in the Sentencing Reform Act which requires the district court to enter an order of criminal forfeiture at sentencing, is "perfectly valid"). This is so because, as the United States Court of Appeals for the Second Circuit observed, *Booker* "prohibit[s] a judicial increase in punishment beyond a previously specified range; in criminal forfeiture, there is no previously specified range." *United States v. Fruchter*, 411 F.3d 377, 383 (2d Cir. 2005) (holding that the Supreme Court's decisions in *Blakely* and *Booker* did not change the preponderance standard established in *Libretti*). The United States Court of Appeals for the Eleventh Circuit has held that the preponderance standard applies to forfeiture proceedings and that forfeiture proceedings are outside the *Apprendi* analysis. *United States v. Cabeza*, 258 F.3d

1256, 1257 (11th Cir. 2001) (per curiam) ("Because forfeiture is a punishment and not an element of the offense, it does not fall within the reach of *Apprendi*.").

Even where the jury right is invoked with regard to forfeiture of property, ultimately it is the Court that orders the forfeiture. Thus, if a defendant seeks a jury determination on specific property to be forfeited, the jury would be required to answer questions that would allow the Court to enter the order of forfeiture. *See United States v. Amend*, 791 F.2d 1120, 1128 (4th Cir.), *cert. denied*, 479 U.S. 930 (1986) (appellate court affirms method by which jury determined forfeitability; jury answered questions whether property acquired through criminal enterprise but trial court entered order of forfeiture); *United States v. L'Hoste,* 609 F.2d 796, 813-14 (5th Cir.), *cert. denied*, 449 U.S. 833 (1980) (forfeiture order is mandatory once jury determines essential factual issues required for forfeiture).

Because the jury resolves the factual elements necessary for a forfeiture order to be entered but the Court enters the order, the jury should not be advised of the ramifications of its decision, just as a jury is not advised of the ramifications of a verdict of guilt or innocence. Here, the portion of the Indictment entitled "Forfeiture" merely provides the defendants with the required statutory notice that the United States seeks to forfeit their property in

accordance with the applicable statute. *See* Fed. R. Crim. P. 32.2(a), *Advisory Committee Notes*. For the reasons stated above, the portion of the Indictment entitled "Forfeiture" should not be read to the jury, and the term "forfeiture" should not be mentioned to the jury, until after the issue of innocence or guilt is decided. Hence, bifurcated proceedings are required. Fed. R. Crim. P. 32.2(b)(1).

    Rule 32.2 further provides:

> If a party timely requests to have the jury determine forfeiture, the government must submit a proposed Special Verdict Form listing each property subject to forfeiture and asking the jury to determine whether the government has established the requisite nexus between the property and the offense committed by the defendant.

Fed. R. Crim. P. 32.2(b)(5)(B).

    Should one or both of the defendants request a jury determination on the forfeiture of the specific assets, the United States asks that, in the second part of the jury's bifurcated deliberation, the Court issue its proposed jury instructions and special verdict forms, which provide interrogatories that will require the jury to determine the essential factual issues necessary for the Court to enter a forfeiture order.

**III.     Conclusion**

Should one or both of the defendants timely request a jury determination on the forfeiture of the specific assets, pursuant to Rule 32.2(b)(5), the United States requests that the Court:

(1) instruct the jury on the issue of forfeiture only *after* the jury has returned a guilty verdict on Counts One and/or Two of the Indictment;

(2) allow jury instructions regarding property subject to forfeiture and burden of proof;

(3) allow bifurcated argument on the forfeiture issue; and

(4) provide the jury with the special verdict forms as proposed by the United States.

                        Respectfully submitted,

                        W. STEPHEN MULDROW
                        Acting United States Attorney

By:   *s/Suzanne C. Nebesky*
       SUZANNE C. NEBESKY
       Assistant United States Attorney
       Fla. Bar No. 59377
       400 N. Tampa Street, Suite 3200
       Tampa, Florida 33602
       Tel:   (813) 274-6000
       E-mail: suzanne.nebesky@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*s/Suzanne C. Nebesky*
SUZANNE C. NEBESKY
Assistant United States Attorney
